IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-20285
Summary Calendar
_____

GARY MONROE,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; NEVA YARBROUGH; JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Texas
(H-94-CV-2974)
_____

August 14, 1998

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Appellant Gary Monroe brought this civil rights suit under
42 U.S.C. § 1983, alleging that his tennis shoes and legal papers
were lost while he was in solitary confinement.  He sued Wayne
Scott, the Director of the Texas Department of Criminal Justice,
Institutional Division, Neva Yarbrough, the warden of the prison,
and a John Doe defendant who is alleged to be the property

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer of the prison.  We affirm, essentially for the reasons set forth in the district court's order partially granting defendants' motion to dismiss, and the magistrate's memorandum recommending that summary judgment be granted.

Insofar as Monroe claims that the defendants' actions resulted in an unconstitutional deprivation of property (the shoes and legal papers), the claim is barred by the *Parratt/Hudson* doctrine.  *See Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984).  Under this doctrine, deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided that adequate state post-deprivation remedies exist. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).  There is no remedy under § 1983 if the state tort remedy of conversion was available to the inmate, and Texas has such a remedy.  *Id*. at 543-44; *see also Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).  The burden is on the complainant to show that the state's post-deprivation remedy is not adequate.  *Id*.  Monroe made no such showing.

This leaves the issue of whether the defendants' actions unconstitutionally deprived Monroe of access to the courts. First, we note that the defendants Scott and Yarbrough offered competent summary judgment evidence that they were not personally involved in the deprivation of Monroe's property.  They cannot be held vicariously liable under § 1983 as supervisory officials.

2

*Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc).

To the extent that Scott and Yarbrough were sued in their official capacities, Monroe's claim for money damages is barred by the Eleventh Amendment.  Except where the plaintiff seeks prospective injunctive relief, § 1983 suits against a State, or such suits brought nominally against state officials where the state is the real party in interest, are barred by the Eleventh Amendment.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984); *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).  Further, neither States nor state officials sued in their official capacities are "persons" subject to liability under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Insofar that Monroe alleged that defendants were negligent in the handling of his legal papers, § 1983 liability does not extend to conduct that is merely negligent. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).  Insofar as Monroe is complaining that denial of access to the law library was occasioned by the solitary confinement itself, limitations may be placed on library access so long as they are "reasonably related to legitimate penological interests."  *Lewis v. Casey*, 518 U.S. 343, 362 (1996).  Monroe makes no showing that the solitary confinement was improper.

Finally, we note that before a prisoner may prevail on a claim that his constitutional right of access to the courts was

3

violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Eason v. Thaler*, 73 F.3d, 1322, 1328 (1996). Monroe failed to offer competent, verified summary judgment evidence that the loss of his legal papers or lack of access to the law library prejudiced him in another suit. At most, he offered conclusory allegations of such prejudice that do not suffice to raise a genuine issue of fact. "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

AFFIRMED.